**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

                Plaintiff,

v.

LEONARDO PEREZ; UNKNOWN SPOUSE OF LEONARDO PEREZ; LISA M. PEREZ; IF LIVING, INCLUDING ANY UNKNOWN SPOUSE OF SAID DEFENDANT(S), IF REMARRIED, AND IF DECEASED, THE RESPECTIVE UNKNOWN HEIRS, DEVISEES, GRANTEES, ASSIGNEES, CREDITORS, LIENORS, AND TRUSTEES; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; STATE OF FLORIDA; ORANGE COUNTY CLERK OF COURTS; STATE OF FLORIDA DEPARTMENT OF REVENUE; SWEETWATER WEST HOMEOWNER'S ASSOCIATION, INC.; WHETHER DISOLVED [sic] OR PRESENTLY EXISTING, TOGETHER WITH ANY GRANTEES, ASSIGNEES, CREDITORS, LIENORS, OR TRUSTEES OF SAID DEFENDANT(S) AND ALL OTHER PERSONS CLAIMING BY, THROUGH, UNDER, OR AGAINST DEFENDANT(S); UNKNOWN TENANT #1; and UNKNOWN TENANT #2;

                Defendants.
_____

Case No. 6:14-cv-1785-Orl-37KRS

**ORDER**

This cause is before the Court *sua sponte*. On November 3, 2014, Defendant Leonardo Perez removed this mortgage foreclosure action from state court alleging that the Court has jurisdiction because Plaintiff violated "numerous federal law [sic] and statutes." (*See* Doc.1, pp. 1–3.) On November 10, 2014, Defendant filed an Amended Brief to his Notice of Removal which incorporated his Complaint Against Third Party and Counter-Complaint Against Plaintiff. (*See* Doc. 8.) Upon consideration, the Court finds that this case was improvidently removed and is due to be remanded.

The Notice of Removal (Doc. 1) and the Amended Brief (Doc. 8) are devoid of allegations to show that this Court has subject matter jurisdiction. Defendant has not alleged diversity jurisdiction because he failed to identify the citizenship of the parties as required by 28 U.S.C. § 1332. Additionally, Defendant failed to invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331. Defendant claims that Plaintiff violated, inter alia, the following laws and regulations: (1) 12 U.S.C. § 3708; (2) "Implementing Regulation, § 1.1-1"; (3) 24 C.F.R. § 220.814; (4) 18 U.S.C. §§ 242, 134; and (5) 42 U.S.C. § 1983. (Doc. 1, p. 2; Doc. 8, p. 3.)  However, these assertions are not relevant to the Court's inquiry. It is the claims asserted in Plaintiff's complaint, not the defenses or counterclaims raised by Defendant, that determine whether a case "arises under" federal law for purposes of § 1331. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). All of the claims in Plaintiff's complaint are based on state law. (*See* Doc. 2.) Thus, the Court does not have subject matter jurisdiction.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. This case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in

and for Orange County.

2. The Clerk is **DIRECTED** to terminate pending motions and to close this case file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 21, 2014.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record